IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LUIS A. LOMELI,

    **Plaintiff,**

v.

ANTHONY WILLS, OFFICER SCHANZ, OFFICER BOHNERT, OFFICER RATHKE, ANTHONY JONES, TERRANCE JACKSON, JOSHUA SCHOENBECK, and LIEUTENANT PRIDDY,

    **Defendants.**

Case No. 23-cv-2518-MAB

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Luis A. Lomeli, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Lomeli alleges Defendants violated his due process rights in a disciplinary hearing, in violation of the Fourteenth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen

---

[1] The Court has jurisdiction to screen Plaintiff's Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and this Court.

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Lomeli makes the following allegations: On August 27, 2022, Lomeli and his cellmate were removed from their cell while staff in tactical gear searched their cell for contraband (Doc. 1, p. 4). Lomeli and his cellmate were then relocated to the segregation cell house but were not informed of the reasoning for the transfer. Later that same day, Lomeli received a disciplinary report indicating that he was placed in investigative status (*Id.*). The investigative status report indicated that he would be interviewed within ten days of his initial placement "whenever possible" but Lomeli maintains that he was not interviewed.

On September 16, 2022, Lomeli received a disciplinary report for conspiracy to have drugs and/or drug paraphernalia (*Id.*). The report indicated that during the search, officers found a handwritten note in Lomeli's mattress, written in Spanish (*Id.* at p. 5). The note, translated by correctional officer ("C/O") L. Martinez, a state approved translator, contained information regarding obtaining drugs and drug paraphernalia (*Id.*). Lomeli alleges that he never received a copy of the note (*Id.*). Nor was the disciplinary report signed by Lomeli or the serving officer.

On September 21, 2022, Lomeli had a hearing before committee members Joshua Schoenbeck and Anthony B. Jones (*Id.*). Lomeli pled not guilty (*Id.* at p. 6). The note was

not presented at the hearing nor were there any witnesses (*Id*.). The committee found Lomeli guilty based on the observation of the reporting employee and the results of the internal investigation (*Id*. at p. 5). Lomeli received three months segregation and three months commissary restrictions (*Id*. at p. 6).

On September 22, 2022, Lomeli received another disciplinary report, this time for drugs and drug paraphernalia (*Id*. at p. 6). This report indicated that during the same search of Lomeli's cell, a small bag containing a powdery substance was found in the bottom bunk mattress where Lomeli resided (*Id*. at pp. 6-7). The substance was tested by internal affairs and yielded a preliminary positive result. The substance was then sent to the Illinois State Police Crime Lab and tested. On September 20, 2022, the Illinois State Police returned the drug chemistry report finding the substance to be 3.2 grams of crushed Gabapentin (*Id*. at p. 7).

On September 28, 2022, Lomeli again went before the hearing committee, including members Joshua Schoenbeck and Terrance T. Jackson (*Id*. at p. 8). He was again found guilty and received six months segregation, six months commissary restrictions, and six months contact visit restrictions (*Id*. at p. 9).

## Discussion

Simply put, Lomeli fails to state a due process claim under the Fourteenth Amendment. "The Due Process Clause of the Fourteenth Amendment applies only to deprivations of life, liberty, and property." *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). When an inmate raises a procedural due process claim, the Court undertakes a two-part analysis. *Id*. The Court first evaluates whether the prisoner was deprived of a protected

3

liberty interest, and then second, evaluates whether the process he was afforded was constitutionally deficient. *Id.* (citing *Hess v. Bd. of Trs. of S. Ill. Univ.*, 839 F.3d 668, 673 (7th Cir. 2016)). Due process safeguards that are associated with prison disciplinary hearings include: (1) advance written notice of the charges; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence as a defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). In addition, the decision of the adjustment committee must be supported by "some evidence." *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

Lomeli alleges that his due process rights were violated because officials found him guilty without evidence to support the charges and because they refused to call witnesses (Doc. 1, p. 10). Lomeli only alleges that no witnesses were present on his behalf; he does not allege that he requested any witnesses. Both adjustment committee final summary reports indicate that Lomeli did not request any witnesses (Doc. 1, pp. 12, 14), nor does Lomeli include the identity of any witness that he allegedly requested. Further, he alleges that that there was no evidence to support the findings, but the final summary reports point to a number of points to support the findings including: the items were found in Lomeli's mattress, the substance was field tested and ultimately confirmed to be drugs by the Illinois State Police Crime Lab, and the note was translated by a state approved translator (*Id.* at pp. 12-14). The adjustment committee's findings must be

supported by "some evidence" and there is evidence in the record supporting the findings.

Even if Lomeli adequately alleges a due process violation, which he has failed to do in this case, he still may not have a Fourteenth Amendment claim. An inmate's liberty interests are protected by the Due Process Clause only insofar as a deprivation of the interest at issue would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In assessing whether disciplinary segregation amounts to a constitutional violation, a court must examine the length of a prisoner's confinement in segregation in combination with the conditions he endured there. *Kervin v. Barnes*, 787 F.3d 833, 836-37 (7th Cir. 2015); *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). Relatively short stints in segregation do not, on their own, amount to a deprivation of a liberty interest. *Whitford v. Boglino,* 63 F.3d 527, 533 (7th Cir. 1995) (six months of segregation on its own not enough to state a claim). Although Lomeli spent three months in segregation for his first disciplinary report and six for his second disciplinary report, he fails to describe the conditions that he experienced nor has he alleged that the conditions were substantially more restrictive than those in general population. Simply pleading that imposition of disciplinary segregation, "without additional facts about the conditions of confinement, would not implicate a liberty interest." *Miller v. Maue*, 759 F. App'x 515, 516 (7th Cir. 2019) (citations omitted). There is no indication in the current allegations as to whether Lomeli faced an atypical and significant hardship. Thus, he fails to state a claim.

5

Finally, Lomeli includes several defendants, beyond members of the adjustment committee who found him guilty of the charges, but fails to allege how these individuals violated his due process rights. This includes Lieutenant Priddy, Schanz, C/O Bohnert, and C/O Rathke.

Thus, Lomeli fails to state a claim for a violation of his due process rights. The Complaint is **DISMISSED without prejudice**. However, Lomeli is **GRANTED** leave to file an Amended Complaint.

## Disposition

For the reasons stated above, Lomeli's Complaint is **DISMISSED without prejudice** for failure to state a claim.

Lomeli is **GRANTED** leave to file a "First Amended Complaint" on or before **November 27, 2023**. Should Lomeli fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. Civ. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Lomeli's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Lomeli must re-file any exhibits he wishes the Court to consider along with the First

Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Lomeli is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Lomeli elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Lomeli is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 10/24/2023**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**